**Darren Guy ERLIN, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 22981.**

United States Court of Appeals Ninth Circuit.

July 2, 1969.

Rehearing Denied Sept. 11, 1969.

---

Carl Shapiro, San Anselmo, Cal. (argued), Sal C. Balistreri, San Francisco, Cal., for appellant.

Jerrald Ladar, Asst. U. S. Atty. (argued), Cecil F. Poole, U. S. Atty., San Francisco, Cal., for appellee.

Before HAMLEY and KOELSCH, Circuit Judges, and KILKENNY, District Judge *.

PER CURIAM:

After waiver of a jury trial, appellant was convicted by the Court on a two count indictment charging him with unlawful sales of LSD (d-lysergic acid diethylamide) in violation of 21 U.S.C. §§ 331(q) (2), 321(v) (3) and 333(a), D.C., 283 F.Supp. 396.

Appellant concedes, as he must, that the constitutionality of this legislation has been previously considered and upheld as a proper delegation of authority. White v. United States, 395 F.2d 5 (1st Cir. 1968), and as a proper exercise of congressional regulatory power under the commerce clause. Deyo v. United States, 396 F.2d 595 (9th Cir. 1968); United States v. Heiman, 406 F.2d 767 (9th Cir. 1969).

Appellant would avoid the impact of these decisions by arguing that the specific designation of LSD, as a prohibited drug, is found in a regulation, rather than in the statute itself, and for that reason he was not given fair notice that his conduct was criminal in nature. Appellant is not in a position to complain. LSD was first included as a prohibited drug on May 18, 1966. This administrative finding was first published in the Federal Register on March 19, 1966. This is not a case where the act was committed immediately after issuance of the regulation. Appellant's unlawful acts, which he admits, were committed on March 1, 1967, and March 15, 1967, approximately one year after first publication in the Register. There is no claim on the part of appellant that he did not have actual knowledge of the regulation. Consequently, on the record before us, he is no position to claim lack of due process in not having received notice of the proclamation when published in the Register.

The judgment of the lower court is affirmed.

* The Honorable John F. Kilkenny, United States District Judge for the District of Oregon, sitting by designation.